John L. Cooper (State Bar No. 050324)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
jcooper@fbm.com

Attorneys for Defendant
COMMUNITY STATE BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MERCHANT e-SOLUTIONS, INC., a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMUNITY STATE BANK, a Wisconsin state chartered bank, and DOES 1-10,<br><br>　　　　　　　Defendants. | Case No. C-07-06042 EDL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER ACTION**<br><br>Date:　January 8, 2008<br>Time:　2:00 p.m.<br>Courtroom: E<br>Judge: Hon. Elizabeth D. Laporte<br><br>Complaint filed: October 30, 2007<br>Trial date: |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, CA, 94102, defendant Community State Bank will and hereby does move the court to dismiss the action (1) pursuant to FRCP 12(b)(3) for improper venue and (2) pursuant to FRCP 12(b)(6) because plaintiff's complaint fails to state a claim upon which relief can be granted on the grounds that the agreement on which the complaint is based has been superseded by another agreement between the parties.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOTION AND MOTION TO DISMISS  (C-07-06042 EDL)

22743\1396892.1

1  The motion will be based on this Notice of Motion and Motion, the Memorandum of
2  Points and Authorities filed herewith, and the pleadings and papers filed herein.

4  Dated: December 6, 2007        FARELLA BRAUN + MARTEL LLP

6  By:  /s/
        John L. Cooper

   Attorneys for Defendant
   COMMUNITY STATE BANK

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF MOTION AND MOTION TO
DISMISS (C-07-06042 EDL)

2

22743\1396892.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Merchant e-Solutions, Inc. ("MeS") has chosen to commence an action against Community in a place where it may not be brought, and on a contract that MeS has acknowledged was terminated and superseded by another agreement on which its claims fail as a matter of law. Accordingly, the Court should dismiss this action. Alternatively, the Court should transfer it to the United States District Court for the Eastern District of Wisconsin. If, for any reason, the Court chooses to address the merits of MeS's claims for relief, then the Court should find that MeS's complaint fails to state a claim and requires dismissal.

## II.   RELEVANT FACTS

MeS and Community entered into an Agent Bank Agreement-Direct Merchant Program with Cash Advances ("the 2004 Agreement") effective May 10, 2004. (Complaint, ¶ 6, and Ex. A). Under the 2004 Agreement, MeS agreed to provide credit card processing services, but the agreement purports to impose the risk of merchant chargebacks on Community. (2004 Agreement, ¶ 2).

Effective May 19, 2005, MeS and Community entered into a new Agent Bank Agreement-Merchant Referral Program with Cash Advances ("the 2005 Agreement"). (Complaint, ¶ 9, and Ex. B). The 2005 Agreement altered the parties' contractual relationship in a number of material respects. Most importantly, although MeS would continue to provide credit card processing services, Community no longer retained the risk of merchant defaults. MeS took on that risk. (2005 Agreement, ¶ 2).

The 2005 Agreement also provided that any "existing agreement regarding transaction processing between MeS and [Community] . . . will be deemed terminated on the effective date of this Agreement and be deemed superseded by this Agreement in all respects." (2005 Agreement, ¶ 24). The parties further agreed to an "exclusive venue for any action commenced by MeS pursuant to or arising out of [the 2005 Agreement]." (2005 Agreement, ¶ 21). That exclusive venue is "the state or federal courts located in the state of [Community's] principal business location . . ." (*Id.*)

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF MOTION AND MOTION TO
DISMISS (C-07-06042 EDL)

3

22743\1396892.1

Community was, at the time of the filing of this action, and still is, a bank chartered under the laws of the State of Wisconsin, having its principal place of business in Union Grove, Wisconsin, in the southeast corner of the state. (Declaration of Steven C. Bell, ¶ 2). Despite an exclusive venue provision contained in the 2005 Agreement between MeS and Community requiring MeS to file this action in Wisconsin, MeS commenced this action on October 30, 2007, in the Superior Court of the State of California, County of San Francisco. Community removed MeS's action to this Court on November 29, 2007.

### III.   ARGUMENT

#### A.   This Action is Improperly Venued

This action is not properly venued in California, and should be dismissed or transferred to Wisconsin as called for by the agreement between the parties presently in force.

The parties entered into the 2005 Agreement effective May 19, 2005. This Agreement, which expressly superseded and replaced in its entirety the parties' 2004 Agreement, explicitly provides that **"[t]he exclusive venue for any action commenced by MeS pursuant to or arising out of this Agreement shall be limited to the state or federal courts located in the State of [Community's] principal business location, and [Community] and MeS hereby submit to such jurisdiction."** (2005 Agreement, Section 21, ¶ 4).

Because the 2005 Agreement superseded the 2004 Agreement and thereby became the only operative agreement between the parties as of May 19, 2005, this venue selection clause prohibits MeS from proceeding with its action in this Court. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988) ("Forum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause "that enforcement would be unreasonable or unjust" (citation omitted)); (*Visicorp v. Software Arts, Inc.*, 575 F. Supp. 1528, 1532 (N.D. Cal. 1983) ("[C]ontractual venue selection provisions are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." (Citation and internal punctuation omitted.)) This action should therefore be dismissed for improper venue or, alternatively, transferred to the United States District Court for the Eastern District of Wisconsin, where Community is located.

*See Argueta v. Banco Mexicano*, *S.A.*, 87 F.3d 320, (9th Cir. 1996) (holding that motion to dismiss based on forum selection clause is properly brought pursuant to Rule 12(b)(3)); *Aspitz v. Witness Systems, Inc.*, Slip Copy, No. C 07-02068 RS, 2007 WL 2318004, *4 (N.D. Cal. Aug. 10, 2007) (enforcing forum selection clause and transferring case to New York pursuant to 28 U.S.C. § 1406(a)).

### B.     MeS's Claims for Relief Fail as a Matter of Law

The Complaint alleges two related claims for relief:  one for a declaration that Community is responsible for alleged MeS chargeback losses in 2007 under the 2004 Agreement, and the second for damages for such alleged losses.

MeS alleges that the 2004 Agreement is the "operative agreement between the parties," and the 2005 Agreement does not control.  (Complaint, ¶ 16).

MeS acknowledges the validity of the 2005 Agreement (Complaint, ¶ 9), but ignores its significance by arguing that "the parties continue to operate under the [2004 Agreement], which therefore remains in effect" (Complaint, ¶ 10).  However, by the explicit terms of the 2005 Agreement, the 2004 Agreement was superseded and replaced in all respects by the 2005 Agreement.  (2005 Agreement, Section 24).  Therefore, as a matter of law, it no longer had any operative effect as of May 19, 2005, the date when MeS signed the Agreement and agreed, among other things, to terminate the 2004 Agreement.  (2005 Agreement, Section 25).

The terms of the 2005 Agreement in this respect could not be more clear.  Paragraph 24 of the 2005 Agreement, entitled "Existing Agreements," provides that: **"if there is an existing agreement regarding transaction processing between MeS and [Community], that existing agreement will be deemed terminated on the effective date of this Agreement and be deemed superseded by this Agreement in all respects."**

///
///
///
///
///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOTION AND MOTION TO DISMISS  (C-07-06042 EDL)

5

22743\1396892.1

Additionally, paragraph 21 of the 2005 Agreement provides that: **"This Agreement may only be amended or modified by a subsequent written agreement by and between the Parties hereto."** (2005 Agreement, Sec. 21, ¶ 9). Paragraph 25 also states that:

> **This Agreement, the exhibits, schedules, attachments, Operating Rules, and all documents referred to herein contain the entire understanding of the Parties as to the matters contained herein and supersede all previous verbal and written agreements. There are no other agreements, representations, or warranties not set forth herein or in the documents referred to herein.**

Accordingly, despite MeS's effort to characterize the 2004 Agreement as somehow remaining in effect following the parties' entry into the 2005 Agreement, that assertion does not withstand analysis and lacks merit as a matter of law. The 2005 Agreement expressly terminated the 2004 Agreement.

As a result, MeS's attempt to state a cause of action for chargeback losses under the 2004 Agreement fails as a matter of law. As of May 19, 2005, the parties did not operate under an agreement requiring Community to accept the risk of merchant chargebacks. Rather, MeS accepted that risk under the 2005 Agreement. (2005 Agreement, ¶ 2).

As a consequence, MeS's claim for breach of contract fails as a matter of law, as does its request for declaratory relief, which is premised on the 2004 Agreement that was no longer in effect as of May 19, 2005, and therefore has no applicability to the events occurring in 2007 that form the subject matter of MeS's action. (See Complaint, ¶ 11).

### IV.   CONCLUSION

Under the exclusive jurisdiction provision to which MeS agreed, MeS is not entitled to maintain this action in a California court, and its action should be dismissed outright or transferred to the United States District Court for the Eastern District of Wisconsin before further proceedings take place in regard to this matter. If, for any reason, the Court finds it appropriate to

///
///
///
///

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF MOTION AND MOTION TO DISMISS (C-07-06042 EDL)

6

22743\1396892.1

1 consider the merits of the MeS complaint, the complaint should be dismissed with prejudice
2 because, on its face, it fails to state a claim upon which relief can be granted.
3
4 Dated:    December 6, 2007              FARELLA BRAUN + MARTEL LLP
5
6                                         By: :  _____/s/_____
7                                                   John L. Cooper

                                          Attorneys for Defendant
8                                         COMMUNITY STATE BANK

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF MOTION AND MOTION TO
DISMISS (C-07-06042 EDL)

7

22743\1396892.1