1  BINGHAM McCUTCHEN LLP
   WILLIAM BATES III (SBN 63317)
2  JOHN D. PERNICK (SBN 155468)
   KRISTEN A. PALUMBO (SBN 215857)
3  Three Embarcadero Center
   San Francisco, California  94111-4067
4  Telephone:  (415) 393-2000
   Facsimile:  (415) 393-2286
5
   Attorneys for Plaintiff
6  MERCHANT e-SOLUTIONS, INC.,  a Delaware
   corporation
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 MERCHANT e-SOLUTIONS, INC., a Delaware corporation, | No. C 07-06042 JSW |
| 12     Plaintiff, | **[PROPOSED] ORDER DENYING MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER ACTION** |
| 13     v. | |
| 14 COMMUNITY STATE BANK, a corporation and Wisconsin state chartered commercial bank, | Date:    February 22, 2008 |
| 15 and DOES 1 TO 10, | Time:    9:00 a.m.<br>Judge:    Hon. Jeffrey S. White |
| 16     Defendants. | Location:  Courtroom 2, 17th Floor |

17

18

19

20

21

22

23

24

25

26

27

28

1    On February 22, 2008, Defendant Community State Bank's ("CSB") Motion to

2    Dismiss Or, In the Alternative, to Transfer Action ("Motion") came on regularly for hearing

3    before this Court.  All parties received notice and an opportunity to be heard.  After considering

4    the pleadings and memoranda submitted by the parties, and all supporting papers, and having

5    heard the arguments of counsel, and good cause appearing therefore:

6    IT IS HEREBY ORDERED that the Motion is DENIED.

7    1.    CSB's motion to dismiss or, in the alternative, to transfer venue, brought

8    pursuant to Federal Rule of Civil Procedure 12(b)(3), is DENIED on the grounds that venue is

9    proper is this District under 28 U.S.C. § 1441(a).  Section 1441(a) provides that in actions

10    removed from state court, venue is proper in the federal district court for the district and division

11    where the state court action was pending.  *See* 28 U.S.C. § 1441(a); *Polizzi v. Cowles Magazines,*

12    *Inc.*, 345 U.S. 663, 665-66 (1953).  MeS initially filed this action in San Francisco County

13    Superior Court, and CSB removed it to this Court, which is the district court for the district and

14    in the division where the state action was pending.  Venue in this Court is thus proper.

15    2.    CSB's motion to dismiss to failure to state a claim, brought pursuant to

16    Federal Rule of Civil Procedure 12(b)(6), is DENIED.  When ruling on a Rule 12(b)(6) motion

17    to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff,

18    accept all factual allegations pleaded in the complaint as true, and draw all reasonable inferences

19    from those allegations in favor of the plaintiff.  *See Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d

20    336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995); *Sander v.*

21    *Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The motion "may not be granted 'unless it appears

22    beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

23    entitle him to relief.'"  *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir.

24    2000) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Here, MeS properly alleges facts

25    sufficient to support claims for declaratory relief and breach of contract.

26    a.    With respect to its cause of action for declaratory relief under

27    California Code of Civil Procedure Section 1060, MeS properly alleges facts showing the

28    existence of an actual controversy relating to the legal rights and duties of the respective parties

2

1    and requests that these rights and duties be adjudged by the Court.  *See Gaglione v. Coolidge*,

2    134 Cal.App.2d 518, 521 (1955); *Dallman Supply Co. v. Sweet*, 86 Cal.App.2d 780, 783 (1948).

3                    b.    With respect to its cause of action for breach of contract, MeS

4    alleges a contract, performance by MeS, a breach by CSB, and damages.  While CSB's Motion

5    relies on a provision in an "Agent Bank Agreement - Merchant Referral Program With Cash

6    Advances" ("Referral Agreement") executed by the parties on or about May 19, 2005 which

7    purports to terminate or supercede the agreement upon which MeS's breach of contract claim is

8    based, MeS properly alleges facts to support a finding that CSB, through its conduct, modified or

9    waived the terms of the Referral Agreement upon which it relies.

10                   Accordingly, the Motion is hereby DENIED.

11

12   DATED: _____                    _____

13                                                     Honorable Jeffrey S. White
                                                       U.S. District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER DENYING MOTION DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER ACTION