1   John L. Cooper (State Bar No. 050324)
    Farella Braun & Martel LLP
2   235 Montgomery Street, 17th Floor
    San Francisco, CA 94104
3   Telephone: (415) 954-4400
    Facsimile: (415) 954-4480
4   jcooper@fbm.com

5   Attorneys for Defendant
    COMMUNITY STATE BANK
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  MERCHANT e-SOLUTIONS, INC., a          Case No. C-07-06042 JSW
    Delaware corporation,
13                                         **DEFENDANT COMMUNITY STATE
                    Plaintiff,             BANK'S REPLY BRIEF IN SUPPORT OF
14                                         MOTION TO DISMISS OR, IN THE
         vs.                               ALTERNATIVE, TO TRANSFER ACTION**
15
    COMMUNITY STATE BANK, a                Date:     February 22, 2008
16  Wisconsin state chartered bank, and DOES  Time:     9:00 a.m.
    1-10,                                  Judge:    Hon. Jeffrey S. White
17                                         Location: Courtroom 2, 17th Floor
                    Defendant.
18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO        22743\1446074.1
TRANSFER ACTION (C 07-06042 JSW)

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  FACTUAL BACKGROUND ....................................................................................... 1

III. ARGUMENT ................................................................................................................ 3

    A.   This Action is Improperly Venued, and Should Be Dismissed or
         Transferred ........................................................................................................ 3

    B.   MeS's Claims Fail as a Matter of Law and Should Be Dismissed ..................... 6

IV.  CONCLUSION ............................................................................................................. 7

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO          - i -
TRANSFER ACTION (C 07-06042 JSW)                                    22743\1446074.1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Lambert v. Kysar*,
    983 F.2d 1110 (1st Cir. 1993) ................................................................... 3

*PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc.*,
    138 F.3d 65 (2d Cir. 1998) ....................................................................... 3

*Polizzi v. Cowles Magazines, Inc.*,
    345 U.S. 663 (1953) ................................................................................... 3

*Western Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) ..................................................................... 4

## STATE CASES

*Beckwith v. Sheldon*,
    165 Cal. 319 (1913) ................................................................................ 4, 6

*DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Caf & Takeout III, Ltd.*,
    30 Cal. App. 4th 54 (1994) ..................................................................... 3, 4

*Diamond Woodworks, Inc. v. Argonaut Insurance Co.*,
    109 Cal. App. 4th 1020 (2003) ................................................................... 4

*Frank T. Hickey, Inc. v. Los Angeles Jewish Community Council*,
    128 Cal. App. 2d 676 (1954) ...................................................................... 4

*Garrison v. Edward Brown & Sons*,
    25 Cal. 2d 473 (1944) ................................................................................ 5

*Kacha v. Allstate Inc. Co.*,
    140 Cal. App. 4th 1023 (2006) ................................................................... 3

*Wagner v. Glendale Adventist Medical Center*,
    216 Cal. App. 3d 1379 (1989) .................................................................... 4

*Wells Fargo Bank v. Bank of America*,
    32 Cal. App. 4th 424 (1995) .................................................................... 4, 6

## FEDERAL STATUTES

28 U.S.C. § 1441(a) ......................................................................................... 3

## OTHER AUTHORITIES

1 Witkin, *Summary of California Law*, Contracts § 961 (10th ed. Supp. 2007) ............................. 4

California Practice Guide: Federal Civil Procedure Before Trial, § 2:1049.5
    (2007 update) ....................................................................................... 3

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

## I.    **INTRODUCTION**

There is one key fact in this case that is determinative both of the question of venue and of whether MeS's complaint states a claim: *The moment the 2005 Agreement became effective, all previous agreements between the parties were nullified.*  In its response to Community State Bank's ("Community") motion to dismiss or transfer this action to Wisconsin, Plaintiff Merchant e-Solutions, Inc. ("MeS") seeks to steer the Court away from the consequences of this essential fact, instead suggesting that the subsequent conduct alleged in the complaint somehow serves to resurrect the previous agreement, and to render the entirety of the 2005 Agreement void.  MeS cites no law to justify this suggestion, and California law simply does not support MeS's proposition.  The 2005 Agreement is therefore the only operative agreement between the parties as a matter of law.

Even accepting for the purposes of this motion that the subsequent conduct listed in the Complaint occurred as MeS says it did, those facts at most prove that the parties by their conduct modified only certain portions of the 2005 Agreement.  The subsequent conduct listed in the Complaint, even if true, therefore has no bearing upon and thus leaves undisturbed the provisions of the 2005 Agreement most salient to this motion to dismiss or transfer:  (1) that the only proper venue for this case is the State of Wisconsin; and (2) that the 2004 Agreement was terminated and superseded by the 2005 Agreement in all respects.  As such, MeS's response misses the mark both as a matter of law and of fact, and the Court should therefore dismiss this case, or in the alternative, transfer it to the Eastern District of Wisconsin.

## II.    **FACTUAL BACKGROUND**[1]

MeS and Community entered into an Agent Bank Agreement-Direct Merchant Program with Cash Advances (the "2004 Agreement"), effective May 10, 2004.  Complaint, ¶ 6, and Ex. A.  Under the terms of the 2004 Agreement, in which MeS agreed to provide credit card processing services, CSB agreed to bear the risk of merchant chargebacks, which are returns of a charge to a merchant under operating rules or relevant laws and regulations.  Complaint, Ex. A,

---

[1] Factual citations to the Complaint herein are accepted as true for the purposes of the Motion to Dismiss only, and Community reserves all rights to dispute any of the facts alleged by MeS.

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO
TRANSFER ACTION (C 07-06042 JSW)

22743\1446074.1

1  §§ 2, 6, 8. Also by the terms of the 2004 Agreement, CSB agreed to enter into merchant

2  agreements directly with its merchants regarding card processing services and to underwrite and

3  approve each merchant. *Id.* at §§ 2, 4.

4       However, on April 25, 2005, MeS and Community duly and properly entered a new Agent

5  Bank Agreement-Merchant Referral Program with Cash Advances (the "2005 Agreement"),

6  effective May 19, 2005. Complaint, Ex: B. Under this new agreement, MeS agreed to approve

7  and enter into agreements with merchants at its sole discretion and to approve each merchant. *Id.*

8  at § 4. MeS also agreed to bear the risk of any merchant chargebacks. *Id.* at § 8. The 2005

9  Agreement also specifically provided that:

10      This Agreement, the exhibits, schedules, attachments, Operating Rules, and all
        documents referred to herein contain the entire understanding of the Parties as to
11      the matters contained herein and **supersede all previous verbal and written
        agreements**. There are no other agreements, representations, or warranties not set
12      forth herein or in the documents referred to herein.

13  *Id.* at § 25 (emphasis added). The Agreement further provided, "If there is an existing agreement

14  regarding transaction processing between MeS and Bank, that existing agreement will be deemed

15  terminated on the effective date of this Agreement and be deemed superseded by this Agreement

16  in all respects." *Id.* at § 24.

17      Additionally, the parties agreed in the 2005 Agreement that it "may only be amended or

18  modified by a subsequent written agreement by and between the Parties hereto." *Id.* at § 21.

19  Finally, the Agreement provided that "[t]he exclusive venue for any action commenced by MeS

20  pursuant to or arising out of this Agreement shall be limited to the state or federal courts located

21  in the State of Bank's principal business location, and Bank and MeS hereby submit to such

22  jurisdiction." *Id.* Community State Bank is a Wisconsin state chartered bank. *See* Declaration of

23  Steven C. Bell In Support of Defendant's Motion to Dismiss, Or, In the Alternative, to Transfer

24  Action, ¶ 2 (filed as Exhibit A to Errata, Docket No. 6).

25      MeS admits that its breach of contract claim is "based on a breach of the 2004 Direct

26  Agreement," not on the 2005 Agreement. Opposition to Motion to Dismiss ("Opposition"), at 5.

27  MeS also admits that the 2005 Agreement was validly executed. Opposition at 4; Complaint at ¶

28  10.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO        - 2 -
TRANSFER ACTION (C 07-06042 JSW)

22743\1446074.1

1    III.    **ARGUMENT**

2        A.    **This Action is Improperly Venued, and Should Be Dismissed or Transferred**

3        MeS's statutory venue argument—that Community cannot challenge venue under 28

4    U.S.C. § 1441(a)—does not stand up even to cursory scrutiny. Neither § 1441 nor *Polizzi v.*

5    *Cowles Magazines, Inc.*, 345 U.S. 663 (1953), support MeS's proposition that the act of removing

6    a case automatically waives any right of a party to challenge the propriety of venue in the forum

7    state. *See PT United Can Co., Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 73 (2d Cir.

8    1998) (rejecting the argument under *Polizzi* that removal to federal court waives any right to

9    challenge venue). Indeed, quite the opposite is true: "A party who removes an action from state

10    to federal court does not, in so doing, waive the defense of improper venue as to the underlying

11    state court action." *Id.* at 72. In California, where "a valid forum-selection clause renders venue

12    improper in the state court in which the action was filed, it also renders venue improper in the

13    federal court to which the action has been removed." WILLIAM W. SCHWARZER ET AL.,

14    CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 2:1049.5 (2007

15    update) (citing *Lambert v. Kysar*, 983 F.2d 1110, 1113 n. 2 (1st Cir. 1993) and *PT United*, 138

16    F.3d at 72-73). Thus, although removal of this case to this Court satisfies the federal venue

17    requirements in § 1441(a), such does not preclude Community's challenge to the propriety of

18    venue in the underlying state action on the basis of the forum selection clause in the 2005

19    Agreement, which requires that any dispute arising out of the 2005 Agreement be filed in

20    Wisconsin.

21        Apparently recognizing the weakness of its statutory argument, MeS next attacks the

22    validity of the forum selection clause in the 2005 Agreement by claiming that the facts alleged in

23    the Complaint show that "the [2005 Agreement] was never implemented, does not control, and

24    that CSB by its conduct modified and/or waived the venue, termination and chargeback

25    provisions." Opposition at 7. In California, the burden is on the party claiming waiver to prove

26    by clear and convincing evidence that the other party intended to relinquish its known rights with

27    knowledge of the facts. *DRG/Beverly Hills, Ltd. v. Chopstix Dim Sum Café & Takeout III, Ltd.*,

28    30 Cal. App. 4th 54, 60 (1994); *see also Kacha v. Allstate Inc. Co.*, 140 Cal. App. 4th 1023,

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO        - 3 -
TRANSFER ACTION (C 07-06042 JSW)

22743\1446074.1

1  1033-34 (2006).  If the case is "doubtful," it "will be decided against a waiver."  *DRG/Beverly*

2  *Hills*, 30 Cal. App. 4th at 60 (internal citation omitted).  Because the allegations in the Complaint

3  and the law cited by MeS do not support the conclusions that Community waived the venue

4  provision of the 2005 Agreement, MeS fails to meet its burden.

5        By the terms of the 2005 Agreement, any previous verbal and written agreements between

6  the parties – which would include the 2004 Agreement – were superseded.  Complaint, Ex. A,

7  §§ 21, 24.  MeS does not allege that the 2005 Agreement was not duly executed and valid; rather,

8  it admits that the 2005 Agreement was executed.  *See id.*  Nor does MeS allege that the parties

9  executed the 2005 Agreement while intending that it should not actually take effect or supersede

10  the 2004 Agreement.   Nevertheless, MeS concludes in its Complaint that "[d]espite execution of

11  [the 2005 Agreement], the parties continued to operate under [the 2004 Agreement], which

12  therefore remains in effect."  Complaint, ¶ 10.  Not only is this statement a legal conclusion that

13  the Court need not take as true, *see Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

14  1981), it is incorrect as a matter of law.  Where parties substitute a new agreement for an earlier

15  one with the intent to extinguish the original agreement, even a failure to perform the new

16  contract does not revive the old.  *Wells Fargo Bank v. Bank of America,* 32 Cal. App. 4th 424,

17  431 (1995); *Beckwith v. Sheldon*, 165 Cal. 319, 323 (1913); *see also* 1 Witkin, *Summary of*

18  *California Law*, Contracts § 961 (10th ed. Supp. 2007).  Further, a contract that has been validly

19  superseded does not "remain[] in effect" based only on allegations relating to the parties'

20  subsequent conduct.  *Wells Fargo Bank,* 32 Cal. App. 4th at 431; *Beckwith*, 165 Cal. at 323.

21  Therefore, by California law, the 2005 Agreement—including the forum selection clause—is the

22  only operative agreement between the parties, and the 2004 Agreement cannot now be

23  resurrected.

24        The authority cited by MeS stands only for the proposition that subsequent conduct of the

25  parties may show intent to modify certain terms of that contract, not—as MeS would have it—

26  that such subsequent conduct will negate the contract as a whole.[2]  None of MeS's cases support

---

27  [2] *See, e.g., Diamond Woodworks, Inc. v. Argonaut Ins. Co.*, 109 Cal. App. 4th 1020 (2003) (modifying a portion of a
contract according to the parties' subsequent conduct, but leaving the rest of the contract in place); *Wagner v.*

28  *Glendale Adventist Medical Center*, 216 Cal. App. 3d 1379 (1989) (same); *Frank T. Hickey, Inc. v. Los Angeles*

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO          - 4 -
TRANSFER ACTION (C 07-06042 JSW)

1   the conclusion that the parties' purported conduct after the execution of the 2005 Agreement

2   meant that the 2005 Agreement was "never implemented" (Opposition at 4) or that the 2004

3   Agreement "remains in effect" (Complaint at ¶ 10).  Further, in order to show that subsequent

4   conduct modified the terms of a contract, MeS must demonstrate that the parties *intended* for their

5   subsequent conduct to modify the terms of the 2005 Agreement.  *See Garrison v. Edward Brown*

6   *& Sons*, 25 Cal. 2d 473, 479 (1944).  However, MeS alleges no facts suggesting that the parties

7   intended either of these outcomes, nor could it do so.  As a matter of law, the facts alleged in the

8   Complaint do not support the conclusion that the parties intended to revive the 2004 Agreement

9   or not to supersede the 2004 Agreement.

10      Even assuming for the purposes of this Motion that the allegations by MeS in its

11  Complaint regarding the parties' subsequent conduct are true, it is not the case that such conduct

12  even relates to the venue term of the 2005 Agreement at issue in this Motion.  *See* Complaint at

13  ¶¶ 10-12.  MeS makes no allegation that the parties' subsequent conduct related to or showed

14  intent to modify the venue provision, and cites no law for the proposition that parties' subsequent

15  conduct can modify provisions in a valid, controlling contract that were wholly unrelated to the

16  conduct in question.  Absent such an allegation in the Complaint (as opposed to MeS's

17  Opposition) there can be no basis for an argument that the venue provision of the 2005

18  Agreement was modified.

19      Again, MeS does not dispute that the 2005 Agreement was validly executed, but asks the

20  Court to find that, absent any other facts suggesting the parties never intended it to take effect, it

21  "was never implemented, does not control," Opposition at 7, and that the 2004 Agreement

22  "remains in effect," Complaint at ¶ 10.[3]  Because it alleges no facts that could support this legal

23  leap, its Complaint fails as a matter of law and should be dismissed.

24  _____

25  *Jewish Community Council*, 128 Cal. App. 2d 676 (1954) (same).

[3]  The Complaint's allegation that "MeS requested reimbursement from [Community] for these merchant

26  chargebacks, provided wire instructions for remittance, and expected payment from [Community]," Complaint at ¶

    12, is insufficient to meet the standard of subsequent conduct sufficient to induce reliance by the other party that the

27  terms of the contract had been modified. MeS's private belief as to the validity of the 2004 Agreement is not conduct

    at all, nor was Community aware of it, such that it might have been on notice that MeS intended to modify the

28  provision in the 2005 Agreement shifting the risk of merchant chargeback losses to MeS.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO          - 5 -
TRANSFER ACTION (C 07-06042 JSW)                                        22743\1446074.1

1    MeS further suggests that the venue provision in the 2005 Agreement does not control

2    because this dispute, in its view, does not arise out of the 2005 Agreement. However, MeS's own

3    Complaint attaches a copy of the 2005 Agreement and the first count of its complaint seeks a

4    declaration that the 2005 Agreement does not control. Therefore, there can be no question that

5    the 2005 Agreement is a integral part of the parties' dispute.

6    MeS has not alleged that the 2005 Agreement was not properly or validly executed, or that

7    any subsequent conduct or agreements by the parties at all affected the venue selection clause.

8    Thus, this suit should be dismissed for improper venue, or, in the alternative, transferred to the

9    United States District Court for the Eastern District of Wisconsin, which is Community's

10    "principal business location." 2005 Agreement (Complaint, Ex. B), § 21.

11    **B.    MeS's Claims Fail as a Matter of Law and Should Be Dismissed**

12    MeS's only claims in the Complaint are based on Community's purported breaches of the

13    2004 Agreement. Because, as explained above, the 2004 Agreement had been superseded by the

14    2005 Agreement and was neither any longer in effect nor revived, MeS can state no cause of

15    action based on the facts it alleges in its Complaint, which it claims show that Community

16    violated the terms of the nullified Agreement. As a matter of law, the 2005 Agreement is in

17    effect. Any dispute between the parties would have to be an argument that the parties breached

18    that contract, not the 2004 Agreement, which could not be revived even if the 2005 Agreement

19    were breached in its entirety. *Wells Fargo Bank,* 32 Cal. App. 4th at 431; *Beckwith*, 165 Cal. at

20    323. Therefore, there is no legal dispute over either MeS's declaratory relief claim (asking the

21    Court to determine which agreement is in effect) or MeS's breach of contract claim, which claims

22    breach only of the superseded 2004 Agreement. *See* Opposition at 5 ("MeS's breach of contract

23    claim is based on a breach of the 2004 Direct Agreement").

24    If the Court decides to address MeS's Complaint on its merits, the complaint should be

25    dismissed because even if MeS is correct in its suggestion that the parties' conduct, as described

26    in the Complaint, evidenced an intent to modify the terms of the 2005 Agreement, MeS alleges no

27    conduct suggesting the parties intended to modify the contract terms relating to venue, the

28    termination of the 2004 Agreement, or which party should bear the risks of merchant chargeback

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO        - 6 -
TRANSFER ACTION (C 07-06042 JSW)

22743\1446074.1

1  losses, which are the only provisions relevant to either the Complaint or the Motion to Dismiss.

2  Those provisions remain in effect, and operate to supersede the 2004 Agreement, require that

3  MeS bear the risk of the merchant chargeback losses for which it now sues Community, and that

4  any suit arising out of the agreement between the parties be brought in Wisconsin. Thus, the

5  Complaint alleges no facts either on which its breach of the 2004 contract may be based, or on

6  which this suit may be brought in California.

7  **IV.**   **CONCLUSION**

8         The facts alleged in the Complaint, even if true, show at most conduct that is inconsistent

9  with those terms of the 2005 Agreement regarding referral agreements and agreements with

10  merchants. No facts are alleged that show an intent to alter the terms relating to venue or to

11  which party would bear the risks of merchant chargebacks. MeS does not, and cannot, allege that

12  the 2005 Agreement was not executed as the contract governing the parties. There is thus no

13  legal dispute as to which Agreement controls, such that a declaratory relief action should be

14  entertained by this Court. Thus, even if all the facts alleged in the complaint were true, MeS can

15  state no cause of action – breach of contract or otherwise – based on the terms of the 2004

16  Agreement, because that agreement was and remains superseded by the terms of the 2005

17  Agreement. Nor is this action properly venued in California, because for the same reasons, the

18  venue provision in the 2005 Agreement providing exclusive venue in Wisconsin remains in

19  effect.

20  Dated: February 8, 2008                    FARELLA BRAUN & MARTEL LLP

21

22                                             By:   /s/ John L. Cooper
                                                     John L. Cooper
23

24                                             Attorneys for Defendant
                                               COMMUNITY STATE BANK
25

26

27

28

DEFENDANT'S REPLY BRIEF IN
SUPPORT OF MOTION TO DISMISS OR TO          - 7 -
TRANSFER ACTION (C 07-06042 JSW)                                            22743\1446074.1